UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARIA FIELD,<br><br>    Plaintiff,<br><br>v.<br><br>ERUS BUILDERS, LLC, d/b/a ERUS ENERGY an Arizona limited liability company and JUAN MANUEL CORTINAS<br><br>    Defendant. | §§§§§§§§§§§§§§ |

EP22CV0032

## COMPLAINT:

### Preliminary Statement

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff MARIA FIELD. ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that ERUS BUILDERS, LLC commissioned a series of automated telephone calls to originate new customers by calling cellular telephone numbers listed on the National Do-Not-Call Registry, like Ms. Fields's number, which is prohibited by the TCPA. The calls were made by ERUS BUILDERS, LLC and at the supervision, direction, and control of its principle, JUAN MANUEL CORTINAS ("Mr. Cortinas").

1

3. Plaintiff never consented to receive any of these calls, which were placed to her for telemarketing purposes.

## Parties

4. The Plaintiff is MARIA FIELD ("Plaintiff"), a natural person, resident of the Western District of Texas, and was the individual who received the alleged phone calls in this case on her private mobile telephone, and was present in Texas for all calls, in this case in El Paso County, Texas.

5. Defendant ERUS BUILDERS LLC d/b/a ERUS ENERGY, LLC ("Erus") is a limited liability company organized and existing under the laws of Arizona and can be served via registered agent Juan Cortinas, at 506 Emerald Dunes Place, Horizon City, Texas 79928. Defendant markets and sells, *inter alia*, solar panels to consumers in Texas and engages in telemarketing into this district, as it did with the Plaintiff.

6. Defendant JUAN MANUEL CORTINAS ("Cortinas") is a natural person, resident of Texas, and is the owner, manager, and registered agent of Defendant Erus and can be served at 506 Emerald Dunes Place, Horizon City, Texas 79928.

## Jurisdiction & Venue

7. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 556 U.S. 368, 372 (2012).

8. This Court has personal jurisdiction over the Defendants because they have repeatedly placed calls to Texas residents with Texas telephone area codes, and derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff.

9.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendants conduct business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in El Paso County, Texas, and Plaintiff was physically present and residing in Texas for all calls, in this case in El Paso County, Texas. Defendants conduct business in this judicial district by calling Texas consumers.

## Background
## The Telephone Consumer Protection Act

10.    The Telephone Consumer Protection Act 10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls

11.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(1)(A)(iii).

12.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

13.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do-Not-Call Registry

16.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

17.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

18. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

19. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 52 (9th Cir. 2009).

## Texas Business and Commerce Code

20. The Texas Business and Commerce code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the state of Texas or to residents located in the state of Texas. Tx. Bus. & Com. Code § 302.101.

21. Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation and reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees. §§ 302.302(a), 302.302(d).

22. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

23. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

## Factual Allegations

24. Plaintiff's personal cellular telephone number (915) 329-1548 has been on the Do-Not-Call Registry since December 13, 2007.

25. Plaintiff searched the Texas Secretary of State website on January 19, 2022 and did not find a current and valid solicitation registration certificate for any of the Defendants.

26. Defendants sell solar panels to consumers.

27. Defendants use telemarketing to promote their goods and services.

28. At all times material hereto, Plaintiff was the subscriber of the telephone number (915) 329-1548 and paid her cell phone bill from her personal bank account.

29. The Plaintiff has received at least fourteen (14) calls between January 12, 2022, and January 17, 2022, to her cell phone number (915) 329-1548, without her prior express written consent and not related to an emergency purpose, selling solar panels of Defendant Erus.

30. Plaintiff received these calls from a variety of spoofed caller ID's that were initiated using an automatic telephone dialing system ("ATDS"). The calls were on behalf of Defendant Erus. The calls generally had a delay of 3-4 seconds of dead air before an audible tone connected Plaintiff to a representative, indicating the calls were initiated using an ATDS.

31. **Call #1:** On January 12, 2022 at 10:52 AM, Plaintiff received a phone call from a telephone number which displayed on Plaintiff's caller identification as 915-859-9047.

32. Plaintiff answered the call and there was a delay of 3-4 seconds of dead air followed by an audible tone, before Plaintiff was connected with a representative who asked Plaintiff about her monthly energy bill. Plaintiff explained to the representative that her monthly electric bill did not exceed $100 and she would not be interested in the program.

33. Plaintiff answered each and every call alleged in this complaint and was solicited solar panels after answering a phone call that contained 3-4 seconds of dead airtime as the phone call was connected after an audible beep.

6

34. The Defendants program required monthly energy bills greater than $100. Plaintiff advised Defendants she does not have monthly energy bills greater than $100 and did not qualify for the program. Plaintiff informed Defendants of this and told Defendants to stop calling.

35. The Defendants kept calling Plaintiff because the calls were generated via an auto dialer that was set to generate periodic automated calls to Plaintiff.

36. Plaintiff received a total of 10 phone calls via auto dialers that had spoofed callers IDs. Plaintiff answered each and every one of these phone calls, spoke to a representative who seemed to be located offshore and then transferred Plaintiff to a ERUS representative.

37. Each of the telemarketing representatives in paragraph 36 failed to properly identify themselves of the company on whose behalf they were making the solicitation calls.

38. Each and every phone call was made using a spoofed caller ID to make the call look as though it was generated locally.

39. Plaintiff called each and every number on Table A below and 10 of the phone numbers failed to reach an ERUS representative indicating the use of caller ID spoofing technology. Four of the numbers connected to ERUS representatives.

40. Plaintiff sent a request for an internal do not call policy to sales@erusenergy.com, the only email address listed on the Defendants' website.

41. Defendants failed to send Plaintiff a copy of any internal do not call policy.

42. Plaintiff did not want or need solar panel installation services. Defendants knew Plaintiff did not want or need solar panel installation services or qualify for their program. Yet, Defendants kept calling and harassing Plaintiff.

43. Plaintiff believes, and therefore avers, that Defendants did not train their representatives to honor and abide by DNC requests made by consumers. Instead, Defendants continued placing

harassing phone calls to the Plaintiff after being explicitly told she was not interested and to stop calling.

44. It is evidently Defendants' business practice to continue placing sales calls to consumers who have already made DNC requests and who have stated they are not interested in Defendants' services. Such conduct violates the TCPA and its implementing regulations, 47 CFR § 64.1200(d)(3)(requiring telemarketers to honor and record DNC requests when made).

45. Table A below displays calls made to Plaintiff by Defendants:

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1 | 01/12/2022 | 10:52 AM | 915-859-9047 | Initial call transferred – number not in service |
| 2 | 01/12/2022 | 2:27 PM | 915-922-6217 | Number not in service |
| 3 | 01/12/2022 | 4:06 PM | 915-329-8963 | Number not in service |
| 4 | 01/13/2022 | 9:22 AM | 915-329-9268 | Phone answered – not ERUS |
| 5 | 01/13/2022 | 9:22 AM | 915-329-9268 | Phone answered – not ERUS |
| 6 | 01/13/2022 | 1:40 PM | 915-233-1049 | Non working number |
| 7 | 01/13/2022 | 3:05 PM | 915-233-2849 | Number not in service |
| 8 | 01/13/2022 | 3:26 PM | 915-329-4881 | Phone answered – not ERUS |
| 9 | 01/14/2022 | 10:37 AM | 915-666-8033 | Non working number |
| 10 | 01/14/2022 | 11:53 AM | 915-292-2320 | ERUS energy – John |
| 11 | 01/17/2022 | 9:34 AM | 915-371-2783 | Number not in service |
| 12 | 01/17/2022 | 10:24 AM | 915-292-4599 | ERUS - Athena |
| 13 | 01/17/2022 | 11:29 AM | 915-944-1963 | ERUS - Carlos |
| 14 | 01/17/2022 | 3:51 PM | 915-292-4623 | ERUS - Kimberly |

46. Defendants did not have the Plaintiff's prior express written consent to make any of these calls.

47. Prior to these unsolicited calls, the Plaintiff has never done any business with Defendants and Plaintiff never provided Defendants with her cellular telephone number.

48. Defendants failed and/or refused to put Plaintiff's number on their internal company Do-Not-Call list.

49.     Plaintiff pays for each incoming and outgoing call on her telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

50.     Plaintiff received the calls on her private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered as a cellular telephone number and is used for personal purposes.

51.     These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

52.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of her phone because the phone line was tied up during the telemarketing calls and her privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using her telephone for lawful purposes.

53.     In summary, Plaintiff received eighteen (14) telemarketing sales calls from Defendants to Plaintiff's cell phone number which is registered on the National Do-Not-Call list. Defendants also denied Plaintiff's request for her number to be placed on Defendant's internal Do-Not-Call list at least two (2) times.

## Causes Of Action

### First Cause of Action

(Negligent Violations of the TCPA, "ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)

54.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

84. Defendants called Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least ten (10) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

85. As a result of Defendants' and Defendants' agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for herself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

86. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)

87. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

88. Defendants called Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least ten 10) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

89. Plaintiff was statutorily damaged at least ten (10) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above.

90. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for herself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

91. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)

92.    Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

93.    Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

94.    Plaintiff was statutorily damaged at least fourteen (14) times under 47 U.S.C. § 227(c)(3)(F) by the Defendants by the telephone calls described above, in the amount of $500.00 per call.

95.    As a result of Defendants' and Defendants' agents' violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for herself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

96.    Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

97.    Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

98.    Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

**99.** Plaintiff was statutorily damaged at least fourteen (14) times under 47 U.S.C. § 227(c)(3)(F) by the Defendants by the telephone calls described above, in the amount of $500.00 per call.

**100.** As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for herself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR § 64.1200 et seq.)

**101.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**102.** Plaintiff requested at least two (2) times to be placed on Defendants' internal "Do-Not-Call list", however, Defendants failed and/or refused to comply and continued to contact the Plaintiff via telephone for sales purposes.

**103.** As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR § 64.1200(d)(3), Plaintiff seeks for herself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR § 64.1200 et seq.)

**104.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**105.** Plaintiff requested at least two (2) times in writing to be placed on Defendants' internal "Do-Not-Call list", however, Defendants failed and/or refused to comply and continued to contact the Plaintiff via telephone for sales purposes.

**106.** As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR § 64.1200(d)(3) Plaintiff seeks for herself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Violations of Texas Business and Commerce Code 302.101)
Failure to obtain a Telephone Solicitation Registration Certificate

**107.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**108.** Defendants made at least fourteen (14) solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

**109.** As a result of Defendants' and Defendants' agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. and Com. Code 302.302(a).

**110.** As a result of Defendants' and Defendants' agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek all reasonable costs of prosecuting this action, including court costs, deposition costs, witness fees and attorney's fees.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### I.     Prayer for Relief

On Causes of Action 1-6:

  1. For awards of $500 for each negligent violation as set forth in actions 1-4.

2. For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-4.

3. For awards of $500 for each negligent violation as set forth in action 5.

4. For awards of $1,500 for each knowing and/or willful violation as set forth in action 6.

5. For awards of $5,000 for each violation as set forth in action 7.

6. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing; Total statutory damages: **$94,000** Ten (10) counts of: "ATDS Call", Fourteen (14) counts of "Sales call to a number registered on the National Do-Not-Call Registry", two (2) counts of "Failure to Put Plaintiff's Number on Defendants' Do-Not-Call list", with treble damages for each) and Fourteen counts of soliciting in Texas without proper registration.

7. Prejudgment interest at the maximum legal rate;

8. Costs of suit herein incurred; and

9. All such other and further relief as the Court deems proper.

## II. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: January 24, 2022

*/s/ Maria Field*

Maria Field
*Plaintiff, Pro Se*
769 Via Verde
El Paso, TX 79912
Phone: 915-329-1548
Navarro7850@icloud.com